It is hereby ordered that this action is dismissed without prejudice.

**FISHER & PORTER De PUERTO RICO, INC., Plaintiff,**

v.

**ITT HAMMEL–DAHL/CONOFLOW, a division of International Telephone & Telegraph Corporation, Defendant.**

**Civ. No. 373–73.**

United States District Court,
D. Puerto Rico.

Jan. 31, 1974.

Phillips E. Roberts, Baker & Woods, San Juan, P. R., for plaintiff.

Samuel T. Céspedes, McConnell, Valdes, Kelley & Sifre, San Juan, P. R., for defendant.

MEMORANDUM OPINION AND
ORDER

CANCIO, Chief Judge.

This cause of action arises under the provisions of controversial Act No. 75 of June 24, 1964, as amended, of the Commonwealth of Puerto Rico, 10 L.P.R.A., Sec. 278 et seq., which was authoritatively interpreted by the Commonwealth Supreme Court and declared invalid as applied to contracts executed before the date of its enactment. Warner Lambert v. Tribunal Superior, No. 0–72–106, decided on May 9, 1973. A decision has to be rendered yet involving the prospective application of Law 75. All cases of this kind before this Court have been ordered "stayed" until final pronounce-

ment is had by the Commonwealth Supreme Court.[1]

■ After this Court's order of February 12, 1973 (Simcox v. Kramer, Civil No. 898–72), certain procedures are allowed which do not fall under the "instructions to hold its hand until the (Commonwealth) Supreme Court has authoritatively ruled on the local law question in light of the federal claims."[2] A complete stay is therefore not required and discovery proceedings found to be not inconsistent with the order are permitted. Said order clarified that "this order be understood to authorize *only* continuing discovery proceedings and *not to affect any substantial rights of any party to an action . . .*"[3] (Emphasis Supplied).

Discovery is thus understood as an exception or as not falling within the stay order, since the philosophy behind such an exception is that the discovery procedures and methods are to better provide and expand the facts and details of the action and to help the parties with a better preparation and organization for trial, not contributing in essence to the final outcome of the action.

In reference to the stay order of *Fornaris*, and confronted with peripheral proceedings in an action which do not affect the substantive rights of any party, this Court felt it wise not to completely paralyze such tangential preliminary steps, thereby preventing later congestion in the courts. In view of this, any subsequent action or proceedings in all Law 75 cases must be carefully studied to assure that the spirit of *Simcox, supra,* as well as of *Fornaris, supra,* be followed. The Court must guard against possible violations to *Simcox* or *Fornaris* in the guise of discovery proceedings, or otherwise, supposedly not affecting substantive rights. Such

proceedings must be matched and contrasted with the holding of February 12, 1973, and accepted or rejected if not in line with it.

If the proceedings involve any action by the Court which would tend to accelerate a disposition of the case on the merits, they cannot be officially endorsed by the Court.

In the case at bar, plaintiff filed a motion on June 5, 1973, *requesting that 30 days be granted to Defendant to plead and/or answer.* This Court so ordered on June 29, 1973 (Order by Judge José V. Toledo). The defendant responded with a Motion to Stay, but later attached a Motion to Dismiss, when plaintiff opposed the Motion to Stay relying on *Simcox, supra.*

■ Defendant insists that his Motion to Dismiss, which we deem to be in the nature of a Motion to Dismiss for failure to State a Claim upon which relief can be granted as contemplated by Fed.R.Civ.P. 12(b)(6), must be decided or acted upon by the Court before he may be required to file a responsive pleading to the complaint.

A look at the language of Rule 12(b)(6) might furnish a proper guide to a disposition of defendant's contention. The Rule in question specifically provides, in pertinent part, as follows:

"Every defense, in law or fact, to a claim for relief in any pleading, . . . . shall be asserted in the responsive pleading thereto if one is required, *except that the following defenses may at the option of the plead*er be made by motion: (1) . . . . (2) . . . . (3) . . . . (4) . . . . (5) . . . . (6) failure to state a claim upon which relief can be granted . . . ." (Emphasis Supplied).

---

1. See Fornaris v. Ridge Tool Co., 400 U.S. 41, 91 S.Ct. 156, 27 L.Ed.2d 174 (1970), and this Court's General Order of May 30, 1973, setting for disposition all Law 75 cases affected by the Commonwealth Supreme Court's ruling.

2. Fornaris v. Ridge Tool Co., supra, at 44, 91 S.Ct. at 158.

3. Simcox, supra, p. 639.

Thus the Rule grants the pleader, in our case the defendant, an option or a choice in the manner in which he may attack the sufficiency of the complaint on its face. Is the Court bound to decide the Motion to Dismiss one way or another when defendant exercises his option as contemplated by Rule 12(b) before he may be required to file a responsive pleading such as an answer? In order to answer this question, we must look into Rule 12(a)(1) governing the timing of a responsive pleading such as plaintiff seeks here from defendant. Rule 12(a) provides that the service of a Rule 12 Motion alters the periods normally established to answer the complaint, as follows:

"(1) if the court denies the motion or *postpones its disposition until the trial on the merits,* the responsive pleading shall be served within 10 days after notice of the court's action" . . . . (Emphasis Supplied).

Thus, it is recognized that the Court has discretion to decide or to postpone until trial a Motion to Dismiss for failure to state a claim upon which relief can be granted.

However, we think that such a course of action by the Court presupposes that the case wherein the motion to dismiss has been made will be set for trial with reasonable promptitude and in the near future. It also presupposes the Court's present ability to set the case for trial on the merits. Such is not the case in this post-1964 Law 75 Suit nor in any other post-1964 suit pending in this Court, and premised exclusively on the Cause of Action in tort created by Law 75.

In Fornaris v. Ridge Tool Company, *supra,* Note 1, the Supreme Court of the United States remanded the case to the Court of Appeals for the First Circuit, to be in turn remanded to this Court with "instructions to hold its hand until the Supreme Court has authoritatively ruled on the local law question in light of the federal claims." 400 U.S. at 44, 91 S.Ct. at 158. As the *Simcox* case, supra, at p. 639, made clear, "the underlying premise of *Fornaris* is that the highest court of Puerto Rico be given the opportunity to construe Law 75 in a manner not repugnant to the federal constitution." Obviously, even though most, if not all, Law 75 cases are brought into this Court because of diversity of citizenship, they are not the ordinary type of case in which the Court has to construe and use as a Rule of decision a Commonwealth law otherwise valid. The challenge here goes to the very roots of the power of the Commonwealth Legislature to enact such a statute under both the Federal and the Commonwealth Constitutions. Principles of comity and federalism inherent in the judge-made doctrine of abstention have found their way into these apparently innocuous diversity cases, and the Supreme Court has recognized this in *Fornaris.*

A constitutional challenge such as is posed here is not a trifling matter, especially when it has been considered to be of sufficient substance as to be upheld by one Court [4] and held in abeyance by a higher Court. When in *Simcox* this Court authorized discovery proceedings to continue in Law 75 cases, it echoed the importance of not giving rise to any contention that it might, either explicitly or *implicitly,* be endorsing the constitutional validity of Law 75, and that is why it felt constrained to circumscribe the reasons exempting discovery proceeding from the Fornaris stay:

"Most discovery is carried out *outside of the presence* of the Court. The Federal Rules relative to discovery are largely *self-regulating and self-enforcing* in preliminary stages of litigation. Incidents which may require the intervention of the Court in discovery proceedings usually refer to the manner in which they are carried out and not normally to the merits of the case." (Emphasis Supplied).

---

4.  Fornaris v. Ridge Tool Co., 423 F.2d 563 (1st Cir. 1970).

Later, in what amounts to be a statement of understanding of its order allowing discovery to proceed, the Court warned that its order "be understood to authorize *only* continuing discovery proceedings and not to affect any substantive rights of any party to an action, *nor to authorize the setting of any case for trial or other disposition* on the merits." (Emphasis Supplied).

Thus, it is clear that the Court, as the above-quoted language shows, was not only considering an actual disposition on the merits as violative of the *Fornaris* mandate, but also any procedural move which would involve any action on the part of the Court that might be reasonably interpreted as a step closer to the merits of a suit premised entirely on the cause of action created by Law 75; hence, the prohibition in setting any case for trial, and by the same token, ordering the defendant to answer the complaint without the Court first deciding one way or another his motion to dismiss. We think that answering the complaint is not carried out "outside the presence of the Court" in such a "self-regulating or self-enforcing" manner as to be exempted from the Fornaris mandate, as *Simcox* did with discovery, especially in view of the fact that forthcoming admissions and denials—offshoots of the joinder of issues which in procedural terms the answer is designed to encourage—might tend to give impetus to the instant case and push it closer to a prohibited disposition on the merits. Besides, federal district courts must proceed with utmost care in the enforcement of rights arising under a statute the constitutionality of which has been officially doubted by the Supreme Court of the United States, especially when the question has arisen in the context of abstention and comity principles. They must be careful not to act in any way that might be interpreted to mean that they favor the disposition of the underlying constitutional issues.

The Court is conscious of the fact that usually a decision on a motion to dismiss for failure to state a claim can be postponed until trial on the merits and can be raised by way of an affirmative defense in the answer to the complaint. This is not, however, an ordinary situation where such a course of procedure might be harmlessly followed. The complaint here is buttressed entirely on the cause of action created by Law 75, and said complaint stands or fatally crumbles, depending upon whether its constitutional validity is ultimately upheld or not by the Commonwealth Supreme Court or by the Supreme Court of the United States, as the case may be.

In view of the foregoing, it is hereby ordered that defendant's Motion to Dismiss, as well as plaintiff's Motion requiring defendant to plead and/or answer the complaint, be stayed and the Order of this Court entered on June 29, 1973, wherein defendant is ordered to plead and/or answer the complaint, be left without force and effect, until such time as the *Fornaris* mandate, as entered by the Court of Appeals for the First Circuit, be vacated or modified accordingly.

It is so ordered.